OTTUMWA, NOVEMBER TERM, 1852.

In the sixth year of the State.

————o ⊙ o————

PRESENT:*

HON. JOHN F. KINNEY, } JUDGES.
  "   GEORGE GREENE, }

————• ⊙ •————

## NORRIS' HOUSE v. THE STATE.

<div style="float:right">3g 513<br>d89 412</div>

Where an indictment is found against a house as a "dram shop," the owner occupies the same position and is entitled to the same benefits and protection from the constitution and laws as if the indictment was against himself.

A grand jury should be composed of not less than fifteen persons, under the Code. An indictment found by a jury of less than fifteen, though approved by twelve jurors, is not good.

A party cannot be legally brought to trial on an indictment found by a grand jury not authorized by law, and he may take advantage of such indictment on motion.

Where a house is indicted it should be so described as to leave no reasonable doubt of its locality.

---

* Chief Justice WILLIAMS was detained at home by sickness.

36

## APPEAL *from Davis District Court.*

*Opinion by* KINNEY, J.   Indictment of a house as a "dram shop."   Answer, that the bill of indictment was not found, by a legal grand jury of the county of Davis; that the court, on the first day of the March term, duly empanneled a grand jury of fifteen persons, and that the next day thereafter, one Gideon Lofftis, one of said fifteen persons, was, by said court, discharged from further attention upon said grand jury, and did not thereafter act with said grand jury, as appears of record; and that the other fourteen persons found and returned the bill of indictment.

A replication was filed, admitting all the statements contained in the answer, stating that the said juror was discharged in consequence of becoming intoxicated, and that the remaining fourteen found and presented the indictment.   To this a demurrer was filed that the said fourteen persons could not act as a grand jury, after the discharge aforesaid.

A motion was made to set aside the indictment for the causes set forth in the answer; whereupon the court overruled the demurrer to the replication, and also the motion to set aside the indictment.   This ruling of the court is assigned for error.   This we will first consider before we proceed to an examination of the questions presented by the exceptions to the instructions given to the jury.   And first was the bill of indictment in the case found and presented by a legal grand jury; and could the objection be raised at the time, and in the manner resorted to by counsel? No advantage is claimed in the argument, because the indictment is against a house ; and it is conceded that the owner of the house occupies the same position that he would if the indictment had been against him, and that as such owner is entitled to all the benefits which the constitution

and laws confer upon an individual on trial for a criminal charge, and that the same strictness is required, and the same rules applicable, as though the indictment was against an individual instead of a house. The preceding was instituted under a provision of the Code, declaring "dramshops public nuisances, and authorising them to be indicted." The indictment is virtually against the owner, and for the sake of convenience we shall so treat it in this opinion ; in this respect following the court below, and the gentlemen on either side who have argued the case to the court.

The first article of the constitution, § 11., provides that : "No person shall be held to answer for a criminal offense unless on presentment or indictment by a grand jury," &c. The number necessary to constitute a grand jury is not prescribed by the constitution. It was left for the legislature to define how many persons should be sufficient to compose this body. and to provide for its selection and organization, Accordingly, they have provided in § 1642 of the Code, that "when grand jurors are to be selected. their number must be fifteen, and they shall serve for one entire year thereafter."

If the requisite number of jurors do not appear by the time appointed, the court may at any time direct the sheriff to summon forthwith the number necessary to make up the deficiency. § 1647.

The number of jurors must be as fixed above. § 1648. And it is provided in § 2881, that "on the first day of the term of the court for which a grand jury has been summoned, they must be called, and if fifteen do not appear, or if the number appearing be reduced to less than fifteen, the court may order the sheriff of the county to summon a sufficient number of qualified persons to complete the panel. It is clear from the above sections of the code, that a grand jury must be composed of fifteen persons, and that a less number is not permitted. The legislature have carefully provided for all possible contingencies so as to prevent a

reduction from the number required, and to preserve without any encroachment, the number fifteen as fixed by law. This number and this alone unimpaired is absolutely necessary to constitute a grand jury, and hence if this number is in the least diminished, there is no legal grand jury in contemplation of law.   If a less number than fifteen is sufficient to form the body, then indeed could the number be reduced, so that even the appearance of a grand jury could not remain.   But it is said in reply to this that it is only necessary for twelve to concur in finding a bill, and hence after the grand jury is organized, the court has a right to reduce the number down to twelve.   This position is unsound, and at variance with both the letter and spirit of the law.   It is only required that twelve concur in finding a bill, but the other three cannot in any manner be dispensed with.   They are as essential in order to maintain the organization and action of the grand jury, as though the law required the entire number to agree in finding an indictment.

But we are referred to § 2891, in justification of the action of the court in discharging the juror in this case. By this section, the court is permitted to appoint a foreman when the foreman already appointed is discharged or excused before the grand jury is dismissed.   This we believe to have reference to the discharge or excuse of the foreman as foreman, and not to his discharge from the grand jury.   If after he is appointed, and before he takes the oath, he wishes to be excused, the court may excuse him, or if after the oath of foreman is administered, he should prove to be incompetent, or for any other cause it should become necessary or thought best to discharge him from acting in that capacity, the court may appoint another to act in his place, retaining him however upon the jury.

But if we have taken an improper view of the meaning of this section, it does not follow as a necessary result that

by the discharge from the jury of the foreman, that the jury thereafter is only to be composed of fourteen. On the contrary, it would be the duty of the court to fill the panel, so that the number required by the Code should be preserved. Under all circumstances, the grand jury *must* be composed of fifteen persons, as nothing less than this will satisfy the requirements of the law. The indictment in this case having been found and presented by a less number, was it a legal indictment, and was the defendant bound to defend against it?

"An indictment is an averment in writing made by a grand jury legally convoked and sworn, that a person therein named or described has done some act, or been guilty of some omission which by law is a public offense." § 2915, Code. The grand jury was legally convoked and legally sworn for aught that appears, but the bill of indictment was not found and presented by the jury that was so convoked and sworn. By taking from the body one of its members, the entire panel was disturbed, the organization changed, and hence the findings and presentments afterwards cannot be said to have been by a grand jury legally convoked and sworn. Such findings did not result from the deliberations of the grand jury which had been convoked and sworn; and therefore any indictment found and presented by the body changed by a discharge of any of its members would not be found and returned by a legal grand jury. But it is said that although the bill was found by an illegal grand jury, that the defendant could not after they had been sworn, interpose any objection, and in support of this position we are refered to § 2890, which reads as follows:

"When several persons are held to answer for one and the same offense, no challenge to the panel can be made unless they all join in such challenge ; nor can any objection be interposed by a defendant to the grand jury, or to an individual juror, for any cause of challenge after they are sworn."

The language of this section is clear and explicit, but still, in its application it must be confined to such defendan's as had an opportunity of interposing the objection or challenge therein allowed. To such persons as were bound over to answer a criminal charge, or awaited in custody, the return of the grand jury, all such persons would have an opportunity, and this section clearly gives them the right of objecting to the grand jury, or an individual juror, before they are sworn, and if they do not do it at the proper time, they are forever barred from objecting afterwards. But can it be said that these persons who are in no manner charged with a criminal offense, and who cannot anticipate that a criminal charge will be preferred before the grand jury against them, must appear on the morning of the first day of the court, and interpose an objection to the grand jury, and if they do not do it, and are afterwards indicted, that they should be precluded from asserting that the indictment was found by a jury entirely unauthorized by law? If so, then as a matter of safety, the people of the county ought to resort to the court house, and if there are any legal objections to the grand jury, make them, and have their objections entered of record, so as to make them available in the event that an indictment is found against them. Who does not know that many innocent persons are indicted, and the truly innocent man not dreaming of being charged with crime, must also for his own safety, make his objection to the grand jury before they are sworn, or suffer all the expense and trouble of a trial before the petit jury. Persons are often charged before the grand jury with a violation of the criminal law, and are they to be deprived of all objection to the illegality of the grand jury, because these objections were not made before they were sworn? The constitution has declared that no person shall be held to answer for a criminal offense unless on presentment or indictment by a *grand jury*. If the indictment is not found by a legal grand jury, it is not found by

Norris' House v. The State.

a grand jury at all, and therefore a person cannot be held to answer an offense charged in an indictment found by a grand jury unauthorized by law. , If the construction contended for by counsel for the state is to prevail, and the defendant is to be tried on the indictment, although found by a body of men unknown to the constitution or law, then indeed a man may be tried and punished without being first indicted, and this valuable provision of the constitution utterly disregarded.

But it is said that the defendant did not file the proper plea as required in chapters 171, 172 and 173 of the Code. In reply to this we have only to say that the defendant filed the only plea which he could file to present the question of the legality of the grand jury. He could not demur to the indictment as it did not appear upon its face that the grand jury had no legal authority to inquire into the offense. There is no provision made in the Code for a plea of any kind to raise the question while the defendant had a right to have decided, and it may be said that strictly speaking, there is no authority for the plea filed. But we have only to remark that the legislature cannot by any enactment compel a person to be put upon trial for a criminal offense until he shall have been first indicted by a grand jury. The records in court showed the fact that the grand jury which found the bill, was no grand jury, and that the defendant was held to answer a criminal charge without being first indicted, as required by the constitution. This we think a defendant has a right by virtue of the constitution to show, when the facts exist, on record in the court when indicted, and that the Legislature cannot by restricting to particular pleas deprive him of such right.

In relation to the instructions of the court, we have only to say that the court erred in permitting testimony in relation to the character of a house described in the indictment as situated on block 26. Only ordinary certainty in the description is required, but still the description should be

sufficiently specific to point out with reasonable certainty the house indicted, so that the building could be preceded against to final judgment and siezure without any uncertainty as to where it was located.   The indictment ought to state the lot or part of lot, block and town, or city, where situated, or if in the country the piece of ground sufficiently specific so as to leave no reasonable doubt as to its locality.

Judgment reversed.

*A. Hall* and *D. P. Palmer* for plaintiff in error.

*J. C. Knapp*, for the State.